W. Anderson Forsythe
Adam Warren
MOULTON BELLINGHAM PC
27 North 27th Street, Suite 1900
P.O. Box 2559
Billings, Montana 59103-2559
Telephone: (406) 248-7731
Andy.Forsythe@moultonbellingham.com
Adam.Warren@moultonbellingham.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>-vs-<br><br>MONTANA STATE UNIVERSITY, DR. WADED CRUZADO, DR. ROBERT MOKWA, JYL SHAFFER, JAMES SLETTEN, AND KATHARINE KUJAWA, employees of Montana State University, sued in his or her official capacity, jointly and severally,<br><br>Defendants. | Cause No. CV 17-15-BU-SEH<br><br><br>**ANSWER** |

**COMES NOW**, Defendants, by and through their attorneys, and answer

Plaintiff's Complaint.  Each numbered paragraph below is a response to the same

numbered paragraph in Plaintiff's Complaint. This answer is based on the assumption that Defendants have correctly identified the identity of "John Doe" and "Jane Roe" from the allegations in the Complaint.

1.     Defendants lack sufficient information to admit or deny the allegations contained in the first sentence of this paragraph, and therefore, deny the same. Defendants admit the allegations contained in the second sentence of this paragraph.

2.     In response to the allegations contained in this paragraph, Defendant Montana State University ("MSU") admits it is public university and is located in the state of Montana.  MSU affirmatively states it is authorized and governed by Article X of the Montana Constitution and Title 20, Chapter 25, of the Montana Code Annotated.

3.     Admit.  In addition, MSU is an arm of the government of the state of Montana.

4.     Admit.  Additionally, Defendants state Robert Mokwa is no longer "interim" and has been appointed to the post of Executive Vice President for Academic Affairs and Provost.

5.     Admit.

6.     Admit.

7.     Admit.

8.     Admit.

9.     Admit.

10.     Defendants admit taking and successfully passing a diversity course is a requirement.  Defendants admit Contemporary Issues in Human Sexuality is one of numerous courses which would have fulfilled Doe's diversity course requirement.

11.     Defendants admit a confidentiality agreement was distributed for signature by the students.  In response to the remaining allegations of this paragraph, Defendants state the terms of said agreement speak for itself.

12.     In response to the allegations contained in this paragraph, Defendants admit Doe attended his regularly scheduled class on Tuesday, May 24, 2016, and the topic of discussion was gender identity.  Defendants also admit Jane Roe identifies as transgender.  Defendants deny the remaining allegations of this paragraph as characterized by Plaintiff.

13.     In response to the allegations contained in this paragraph, Defendants admit Doe discussed his views on transgender identity with Kujawa for half-credit on the assignment as participation was portion of the students' grade.  As for the remaining allegations contained in this paragraph, Defendants lack sufficient information to either admit or deny those allegations, and therefore, deny the same.

MOULTON BELLINGHAM PC
ATTORNEYS AT LAW

14.     In response to the allegations contained in this paragraph, Defendants admit that at some point during the conversation between Kujawa and Doe, Doe stated if Jane Roe continued to attempt to speak with him after he indicated he did not wish to speak with her, he would "break her face."   Defendants deny the remaining allegations as characterized by Plaintiff.

15.     In response to the allegations contained in this paragraph, Defendants admit only that Doe asserted to Kujawa that at one point had engaged in a physical altercation with a gay man after the man had groped Doe's girlfriend, and that Doe indicated he did not know the man was gay.   As for the remaining allegations contained in this paragraph, Defendants lack sufficient information to either admit or deny those allegations, and therefore, deny the same.

16.     In response to the allegations contained in this paragraph, Defendants admit only that the conversation lasted approximately an hour.  As for the remaining allegations contained in this paragraph, Defendants lack sufficient information to either admit or deny those allegations, and therefore, deny the same.

17.     Defendants deny these allegations as characterized by Plaintiff.

18.     In response to the allegations contained in this paragraph, Defendants admit only that upon learning Roe wished to speak with the Office of Institutional Equity, Kujawa asked Roe if she would like an escort to that office, which Roe

**MOULTON BELLINGHAM PC**
ATTORNEYS AT LAW

declined. In addition, Roe showed Kujawa a pocket knife. As for the remaining allegations contained in this paragraph, Defendants deny those allegations as characterized by Plaintiff.

19.     In response to the allegations contained in this paragraph, Defendants admit only that Roe met with the Title IX Officer, Jyl Shaffer, regarding her complaint. As for the remaining allegations contained in this paragraph, Defendants deny those allegations as characterized by Plaintiff.

20.     Defendants lack sufficient information to either admit or deny these allegations, and therefore, deny the same.

21.     In response to the allegations contained in this paragraph, Defendants admit only that James Sletten was assigned as the investigator to Roe's complaint. As for the remaining allegations contained in this paragraph, Defendants lack sufficient information to either admit or deny those allegations, and therefore, deny the same.

22.     Defendants lack sufficient information to either admit or deny the allegations contained in this paragraph, and therefore, deny the same.

23.     In response to the allegations contained in this paragraph, Defendants admit only that Doe met with Aaron Grusonik regarding the complaint lodged by Roe. As to the remaining allegations contained in this paragraph, Defendants lack

MOULTON BELLINGHAM PC
ATTORNEYS AT LAW

sufficient information to either admit or deny these allegations, and therefore, deny the same.

24.     In response to the allegations contained in this paragraph, Defendants admit only that Doe met with a member of the Montana State University Police Department.   As to the remaining allegations contained in this paragraph, Defendants lack sufficient information to either admit or deny these allegations, and therefore, deny the same.

25.     In response to the allegations contained in this paragraph, Defendants admit only that Doe attempted to meet with Sletten before Sletten was ready to conduct the interview.  As to the remaining allegations contained in this paragraph, Defendants lack sufficient information to either admit or deny those allegations, and therefore, deny the same.

26.     In response to the allegations contained in this paragraph, Defendants admit Sletten conducted seven interviews, five by phone and two in person. Additionally, Defendants state Sletten spoke with Kujawa prior to speaking with Doe.  Defendants admit Doe provided a letter and requested it be given to Roe.  The letter was placed in the file for the investigation and Roe was made aware of the letter's existence and informed she could see it if she chose.  As for the remaining

MOULTON BELLINGHAM PC
ATTORNEYS AT LAW

allegations contained in this paragraph, Defendants deny those allegations as characterized by Plaintiff.

27.     In response to the allegations contained in this paragraph, Defendants admit only that Sletten interviewed Doe for a period of time on May 31, 2016.  As for the remaining allegations contained in this paragraph, Defendants deny those allegations as characterized by Plaintiff.

28.     In response to the allegations contained in this paragraph, Defendants admit both John Doe and Jane Roe were provided copies of the initial report of evidence, and allowed the opportunity to correct any perceived discrepancies. Defendants also admit a mistake was made on a date in the initial report of evidence; however, this mistake was corrected by Sletten.  As for the remaining allegations contained in this paragraph, Defendants deny those allegations as characterized by Plaintiff.

29.     Defendants deny the allegations contained in this paragraph.

30.     Defendants deny the allegations of this paragraph as characterized by Plaintiff.   Additionally, Defendants specifically deny any determination as to credibly was made on a professor versus student distinction.

MOULTON BELLINGHAM PC
ATTORNEYS AT LAW

31.     In response to the allegations contained in this paragraph, Defendants state Sletten's report speaks for itself.  As for the remaining allegations contained in this paragraph, Defendants deny those allegations as characterized by Plaintiff.

32.     In response to the allegations contained in this paragraph, Defendants state MSU's policy on Discrimination, Harassment, Sexual Misconduct, Dating Violence, Domestic Violence, Stalking and Retaliation ("Discrimination Policy") speaks for itself.  To the extent this paragraph makes any other allegations, Defendants deny the same.

33.     In response to the allegations contained in this paragraph, Defendants state Section 224.00 of the Discrimination Policy speaks for itself.  To the extent this paragraph makes any other allegations, Defendants deny the same.

34.     In response to the allegations contained in this paragraph, Defendants state Section 250.00 of the Discrimination Policy speaks for itself.  To the extent this paragraph makes any other allegations, Defendants deny the same.

35.     In response to the allegations contained in this paragraph, Defendants state Section 270.00 of the Discrimination Policy speaks for itself.  To the extent this paragraph makes any other allegations, Defendants deny the same.

MOULTON BELLINGHAM PC
ATTORNEYS AT LAW

36.     In response to the allegations contained in this paragraph, Defendants state Section 210.00 of the Discrimination Policy speaks for itself.  To the extent this paragraph makes any other allegations, Defendants deny the same.

37.     In response to the allegations contained in this paragraph, Defendants state MSU's Discrimination, Harassment, Sexual Misconduct, Dating Violence, Domestic Violence, Stalking and Retaliation Policy ("Grievance Procedures") speaks for itself.  To the extent this paragraph makes any other allegations, Defendants deny the same.

38.     In response to the allegations contained in this paragraph, Defendants state Section 220.00 of MSU's Grievance Procedures speaks for itself.  To the extent this paragraph makes any other allegations, Defendants deny the same.

39.     In response to the allegations contained in this paragraph, Defendants state Section 300.00 of MSU's Grievance Procedures speaks for itself.  To the extent this paragraph makes any other allegations, Defendants deny the same.

40.     In response to the allegations contained in this paragraph, Defendants state Section 400.00 of MSU's Grievance Procedures speaks for itself.  To the extent this paragraph makes any other allegations, Defendants deny the same.

**MOULTON BELLINGHAM PC**
ATTORNEYS AT LAW

41.     In response to the allegations contained in this paragraph, Defendants state MSU's Free Speech Policy speaks for itself.  To the extent this paragraph makes any other allegations, Defendants deny the same.

42.     Admit.

43.     In response to the allegations contained in this paragraph, Defendants state the investigator's report speaks for itself.  To the extent this paragraph makes any other allegations, Defendants deny the same.

44.     In response to the allegations contained in this paragraph, Defendants admit there was an appeal hearing which Doe attended.   As for the remaining allegations contained in this paragraph, Defendants deny the same.

45.     Admit.

46.     Admit.

## COUNT I – VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION PURSUANT TO 42 U.S.C. § 1983

47.     Defendants reincorporate their responses to the preceding paragraphs as though fully set forth herein.

48.     The allegations contained in this paragraph state a legal conclusion and do not require a response.  To the extent this paragraph presents allegations which require a response, Defendants deny the same.

MOULTON BELLINGHAM PC
ATTORNEYS AT LAW

49.     The allegations contained in this paragraph state a legal conclusion and do not require a response.  To the extent this paragraph presents allegations which require a response, Defendants deny the same.

50.     The allegations contained in this paragraph state a legal conclusion and do not require a response.  To the extent this paragraph presents allegations which require a response, Defendants deny the same.

51.     The allegations contained in this paragraph state a legal conclusion and do not require a response.  To the extent this paragraph presents allegations which require a response, Defendants deny the same.

52.     The allegations contained in this paragraph state a legal conclusion and do not require a response.  To the extent this paragraph presents allegations which require a response, Defendants deny the same.

53.     The allegations contained in this paragraph state a legal conclusion and do not require a response.  To the extent this paragraph presents allegations which require a response, Defendants deny the same.

54.     The allegations contained in this paragraph state a legal conclusion and do not require a response.  To the extent this paragraph presents allegations which require a response, Defendants deny the same.

**Moulton Bellingham PC**
Attorneys at Law

55.     The allegations contained in this paragraph state a legal conclusion and do not require a response.  To the extent this paragraph presents allegations which require a response, Defendants deny the same.

56.     The allegations contained in this paragraph state a legal conclusion and do not require a response.  To the extent this paragraph presents allegations which require a response, Defendants deny the same.

57.     The allegations contained in this paragraph state a legal conclusion and do not require a response.  To the extent this paragraph presents allegations which require a response, Defendants deny the same.

58.     The allegations contained in this paragraph state a legal conclusion and do not require a response.  To the extent this paragraph presents allegations which require a response, Defendants deny the same.

59.     The allegations contained in this paragraph are statements of Counsel and do not require a response.  To the extent this paragraph presents allegations which require a response, Defendants deny the same.

60.     The allegations contained in this paragraph state a legal conclusion and do not require a response.  To the extent this paragraph presents allegations which require a response, Defendants deny the same.

MOULTON BELLINGHAM PC
ATTORNEYS AT LAW

61.     The allegations contained in this paragraph state a legal conclusion and do not require a response.  To the extent this paragraph presents allegations which require a response, Defendants deny the same.

## COUNT II – VIOLATION OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION PURSUANT TO 42 U.S.C. § 1983

62.     Defendants reincorporate their responses to the preceding paragraphs as though fully set forth herein.

63.     The allegations contained in this paragraph state a legal conclusion and do not require a response.  To the extent this paragraph presents allegations which require a response, Defendants deny the same.

64.     The allegations contained in this paragraph state a legal conclusion and do not require a response.  To the extent this paragraph presents allegations which require a response, Defendants deny the same.

65.     The allegations contained in this paragraph state a legal conclusion and do not require a response.  To the extent this paragraph presents allegations which require a response, Defendants deny the same.

66.     The allegations contained in this paragraph state a legal conclusion and do not require a response.  To the extent this paragraph presents allegations which require a response, Defendants deny the same.

**MOULTON BELLINGHAM PC**
ATTORNEYS AT LAW

67.     The allegations contained in this paragraph state a legal conclusion and do not require a response.  To the extent this paragraph presents allegations which require a response, Defendants deny the same.

## COUNT III – VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972 UNDER 20 U.S.C. § 1681

68.     Defendants reincorporate their responses to the preceding paragraphs as though fully set forth herein.

69.     In responding to the allegations contained in this paragraph, Defendants admit MSU receives federal funding.

70.     The allegations contained in this paragraph state a legal conclusion and do not require a response.  To the extent this paragraph presents allegations which require a response, Defendants deny the same.

71.     The allegations contained in this paragraph state a legal conclusion and do not require a response.  To the extent this paragraph presents allegations which require a response, Defendants deny the same.

72.     The allegations contained in this paragraph state a legal conclusion and do not require a response.  To the extent this paragraph presents allegations which require a response, Defendants deny the same.

**MOULTON BELLINGHAM PC**
ATTORNEYS AT LAW

73.     The allegations contained in this paragraph are statements of Counsel and do not require a response.  To the extent this paragraph presents allegations which require a response, Defendants deny the same.

74.     The allegations contained in this paragraph are statements of Counsel and do not require a response.  To the extent this paragraph presents allegations which require a response, Defendants deny the same.

75.     The allegations contained in this paragraph are statements of Counsel and do not require a response.  To the extent this paragraph presents allegations which require a response, Defendants deny the same.

## COUNT IV – VIOLATION OF ARTICLE II SECTIONS 7 AND 17 OF THE MONTANA CONSTITUTION

76.     Defendants reincorporate their responses to the preceding paragraphs as though fully set forth herein.

77.     The allegations contained in this paragraph state a legal conclusion and do not require a response.  To the extent this paragraph presents allegations which require a response, Defendants deny the same.

78.     The allegations contained in this paragraph state a legal conclusion and do not require a response.  To the extent this paragraph presents allegations which require a response, Defendants deny the same.

**MOULTON BELLINGHAM PC**
ATTORNEYS AT LAW

79.     The allegations contained in this paragraph state a legal conclusion and do not require a response.  To the extent this paragraph presents allegations which require a response, Defendants deny the same.

80.     The allegations contained in this paragraph state a legal conclusion and do not require a response.  To the extent this paragraph presents allegations which require a response, Defendants deny the same.

81.     The allegations contained in this paragraph state a legal conclusion and do not require a response.  To the extent this paragraph presents allegations which require a response, Defendants deny the same.

## COUNT V - NEGLIGENCE

82.     Defendants reincorporate their responses to the preceding paragraphs as though fully set forth herein.

83.     The allegations contained in this paragraph state a legal conclusion and do not require a response.  To the extent this paragraph presents allegations which require a response, Defendants deny the same.

84.     The allegations contained in this paragraph state a legal conclusion and do not require a response.  To the extent this paragraph presents allegations which require a response, Defendants deny the same.

MOULTON BELLINGHAM PC
ATTORNEYS AT LAW

85.     The allegations contained in this paragraph state a legal conclusion and do not require a response.  To the extent this paragraph presents allegations which require a response, Defendants deny the same.

86.     The allegations contained in this paragraph state a legal conclusion and do not require a response.  To the extent this paragraph presents allegations which require a response, Defendants deny the same.

87.     The allegations contained in this paragraph state a legal conclusion and do not require a response.  To the extent this paragraph presents allegations which require a response, Defendants deny the same.

88.     The allegations contained in this paragraph state a legal conclusion and do not require a response.  To the extent this paragraph presents allegations which require a response, Defendants deny the same.

89.     The allegations contained in this paragraph state a legal conclusion and do not require a response.  To the extent this paragraph presents allegations which require a response, Defendants deny the same.

## <u>COUNT VI – BREACH OF CONTRACT</u>

90.     Defendants reincorporate their responses to the preceding paragraphs as though fully set forth herein.

**MOULTON BELLINGHAM PC**
ATTORNEYS AT LAW

91.     The allegations contained in this paragraph state a legal conclusion and do not require a response.  To the extent this paragraph presents allegations which require a response, Defendants deny the same.

92.     The allegations contained in this paragraph are statements of Counsel and do not require a response.  To the extent this paragraph presents allegations which require a response, Defendants deny the same.

93.     The allegations contained in this paragraph state a legal conclusion and do not require a response.  To the extent this paragraph presents allegations which require a response, Defendants deny the same.

94.     The allegations contained in this paragraph state a legal conclusion and do not require a response.  To the extent this paragraph presents allegations which require a response, Defendants deny the same.

## AFFIRMATIVE DEFENSES

95.     Defendants deny any and all allegations not specifically admitted to in the preceding paragraphs.

96.     Any damages sustained by Plaintiff were not proximately or legally caused by any act or omission of Defendants, but rather they were the proximate or legal result of the acts or omission of Plaintiff's own conduct, negligence, and fault

**MOULTON BELLINGHAM PC**
ATTORNEYS AT LAW

and/or the conduct, negligence, and fault of other, and such damages are barred or should be reduced accordingly.

97.     Plaintiff's comparative fault reduces or bars recovery pursuant to Mont. Code Ann. § 27-1-702.

98.     Plaintiff's damages, if any, were caused by intervening, superseding causes.

99.     Any damages sustained by Plaintiff were the results of unforeseeable acts and/or omissions which break any chain of causation that may have existed and prevent Defendants from being found liable in this action.

100.     Plaintiff's damages, if any, are limited to those that are reasonable, provable, and not speculative.

101.     Plaintiff has failed to mitigate his damages, if any.

102.     Montana State University is an instrumentality of the state of Montana pursuant to Mont. Code Ann. § 2-9-101(7).  Accordingly, MSU is immune from punitive damages pursuant to Mont. Code Ann. §2-9-105, and all other damages are limited pursuant to Mont. Code Ann. § 2-9-108.

103.     Defendants are immune from all federal law claims based on the doctrine of qualified immunity.

MOULTON BELLINGHAM PC
ATTORNEYS AT LAW

104.    Defendants are entitled to the sovereign immunity protections of the XI Amendment to the United States Constitution.

105.    Plaintiff is not a member of a protected class, and thus, his claims fail as a matter of law.

106.    Montana State University is an arm of the government of the state of Montana and is immune from any claim based on U.S.C. § 1983.

107.    All individually named Defendants are state employees and the Complaint does not seek injunctive relief, and they are therefore immune from any claim asserted against them in their "official capacity" under U.S.C. § 1983.

108.    Plaintiff's claim of deprivation of due process rights under the state and federal constitutions is barred because he has no interests protected by those provisions affected by the actions of Defendants, and because he has failed to exhaust state administrative and legal remedies in the assertion of his rights.

109.    Plaintiff's claims are barred because Plaintiff failed to exhaust available administrative and legal remedies.

110.    Many of the acts of Defendants alleged by Plaintiff were not acts taken under color of state law and may therefore not form the basis of any claim under U.S.C. § 1983.

MOULTON BELLINGHAM PC
ATTORNEYS AT LAW

111.  The doctrine of respondeat superior is not applicable to claims brought under U.S.C. § 1983, and MSU is not liable for any alleged wrongful acts of individual Defendants alleged under that law.

112.  Plaintiff did not have an interest protected by the state or federal constitution due process clauses which was affected by any of the alleged acts of Defendants.

113.  Plaintiff's free speech rights were not infringed by Defendants.  In addition, certain allegations by Plaintiff may not form the basis of any legal claim based on alleged speech of Defendants because Defendants were exercising their own free speech rights.

114.  Defendants did not violate Title IX because no action of any defendant was based on Plaintiffs' membership in any protected category, but instead on separate, valid, and non-discriminatory reasons.

115.  Certain of the named Defendants are entitled to judicial or quasi-judicial immunity both as to state and federal claims.

116.  Montana law does not provide a private cause of action for the alleged violation of provisions of the Montana constitution.

**Moulton Bellingham PC**
ATTORNEYS AT LAW

117.   The individually named Defendants are immune from any state law claim to the extent their actions are acknowledged by the State as actions within the course and scope of their employment.

118.   Plaintiff's claims, or some of them, are barred by applicable statutes of limitation.

119.   MSU is an arm of the state of Montana and is immune from punitive damages.

120.   Plaintiff's claims brought under Federal Title IX may not lie against any individual Defendant, but may lie only against a Title IX funding recipient. Individual MSU employees named in this case are not subject to suit under Title IX because they are not funding recipients.

121.   MSU is not liable under title IX because it is not liable under respondeat superior principles for title IX claims and it did not act with the required indifference to any alleged act of discrimination.

122.   Defendants did not owe a duty of care to Plaintiff in the context of the facts alleged in the Complaint, nor were they negligent in discharging any such duty of one existed.

123.   The University's policies, which may be changed by the University at will, do not form terms of a contract between a student and the University.

MOULTON BELLINGHAM PC
ATTORNEYS AT LAW

124.   Any damages awarded under title IX are limited to breach of contract type damages, and thus, no claim may lie for punitive damages, emotional distress, pain and suffering and the like.

125.   Damages under Plaintiff's breach of contract claim are limited by Montana law and may not include emotional distress or punitive damages.  *See* Mont. Code Ann. §§ 27-1-310 and 27-1-220.  They are further limited by Mont. Code Ann. § 27-1-311.

126.   MSU, as an arm of the State, is immune from any award of pre- or post-judgment interest.

**WHEREFORE**, Defendants pray that Plaintiff take nothing by way of his Complaint, and that judgment be entered in favor of Defendants, together with costs of suit and such other and further relief as the Court may deem just.

**DATED** this 31st day of May, 2017.

MOULTON BELLINGHAM PC


By:   /s/ W. Anderson Forsythe
    W. ANDERSON FORSYTHE
    ADAM WARREN
    27 North 27th Street, Suite 1900
    P.O. Box 2559
    Billings, Montana 59103-2559
    ATTORNEYS FOR DEFENDANTS